IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 SEP -8 PM 3: 36
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY

CHINGON INTERNATIONAL, LLC,
           Plaintiff,

-vs-

GUZMAN PARDO FAMILY TRUST #2; MAYO JOVITA'S INC.; AMANDA PARDO; and OLIVIA RUIZ,
           Defendants.

Case No. A-14-CA-632-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Chingon International, LLC's Motion to Remand [#9], and Defendants' Response [#14]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion to remand and DISMISSING all other pending motions.

### Background

Plaintiff Chingon International filed this lawsuit in Texas state court, alleging state-law claims regarding Defendants' refusal to honor a contract to sell a parcel of real property. The property was forfeited as a result of the criminal convictions of Defendant Amanda Pardo and others for their involvement in a substantial heroin trafficking operation. Despite signing a contract to sell the property to Chingon International and representing in this Court they want the property sold, Defendants refused to attend the closing and continue to refuse to complete the sale. Defendants

removed to this Court on the alleged basis of federal question jurisdiction. Chingon International now moves to remand.

## Analysis

### I. Legal Standard

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.* District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### II. Application

Defendants allege federal question jurisdiction exists in this case. This lawsuit raises purely state-law claims, such as breach of contract and tortious interference. In their Response, Defendants suggest this case is analogous to *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). A cursory review of *Grable* puts that notion to rest.

*Grable* involved the rare instance in which "federal-question jurisdiction [exists] over state-law claims that implicate significant federal issues." *Id.* at 312. Specifically, Grable had brought a state-law quiet title claim based on an allegation it did not receive proper statutory notice from the IRS prior to the sale of the property to satisfy a tax delinquency. *Id.* at 310. The Supreme Court found the exercise of federal question jurisdiction was proper, explaining: "Whether Grable was given notice within the meaning of the federal statute is an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual

issue contested in the case. The meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court." *Id.* at 315.

This case is different in kind from *Grable*. Defendants have not identified any federal statute which the state court will be required to interpret. *See Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 543 (5th Cir. 2012) ("Here, in contrast [to *Grable*], the state court would not be obligated to interpret a federal statute, like the federal notice statute in *Grable* . . . because American's claims arise solely under [state law]."); *see also Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008) (holding federal question jurisdiction did not exist under *Grable* where the case "involve[d] no important issue of federal law").

Defendants suggest the resolution of Chingon International's claims will turn upon a determination of ownership of the forfeited property, but "*Grable* directs courts to examine the state-law claim itself, not whether legal or factual determinations included in the state-law claim may also be implicated in a parallel federal proceeding." *Am. Airlines*, 694 F.3d at 544. Whether Defendants breached the contract they signed, or whether they tortiously interfered with that contract, does not depend on the resolution of any "substantial federal question." *See Grable*, 545 U.S. at 313. At most, the "federal issue" Defendants have identified is an alleged federal defense (an invalid forfeiture of the property), which is insufficient to confer jurisdiction. *See Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 942–43 (5th Cir. 2013) ("[A]lthough the parties may ultimately litigate a federal issue in their case, that fact does not show that the suit . . . arises under the Constitution or laws of the United States." (internal quotation marks omitted)). Remand is therefore appropriate.

## Conclusion

The Court lacks subject-matter jurisdiction over the claims made in this case, and remand is therefore required. However, the parties are no doubt concerned about, and knowledgeable of, the position of the United States in the parallel federal litigation. Specifically, the United States contends the property at issue in this case has been (or will be) confiscated because of its use in drug trafficking. Alternatively, there is also the possibility the United States will have a claim to at least 50% ownership in the property, and the Defendants in this case may not ultimately have any lawful ownership interest to grant.

Accordingly,

IT IS ORDERED that Plaintiff Chingon International, LLC's Motion to Remand [#9] is GRANTED;

IT IS FURTHER ORDERED that all other pending motions are DISMISSED;

IT IS FURTHER ORDERED that this case is REMANDED to the 98th Judicial District Court of Travis County, Texas, where it originated as Cause Number D-1-GN-14-001860;

IT IS FINALLY ORDERED that the Clerk of Court shall provide the Travis County District Court with a certified copy of this order.

SIGNED this the 6th day of September 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE